OFFICIAL LOCAL FORM 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

**Filing Date: August 31, 2010**          **Docket #: 10-19557**

**Debtor: Leon F. Klang, Jr.**          **Co-Debtor: Denise L. Klang**

**SS#:**   xxx-xx-4824          **SS#:**   xxx-xx-3138

**Address: 67 Ellis Street**          **Address:  67 Ellis Street**
        Seekonk, MA 02771                    Seekonk, MA 02771
_____          _____


**Debtor's Counsel: Edward G. Lawson, Jr. BBO# 645647**

**Address:**      260 Lonsdale Avenue
              Pawtucket, RI 02860

**Telephone #: 401-725-1810   Facsimile #: 401-725-2244**


**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE. 153**

**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**PRE-CONFIRMATION CHAPTER 13 PLAN**

Docket No.:10-19557

DEBTOR:

Leon F. Klang, Jr.                                SS#:    xxx-xx-4824

CO-DEBTOR:

Denise L. Klang                                   SS#:    xxx-xx-3138

**I. PLAN PAYMENT AND TERM:**

Debtor(s) shall pay monthly to the Trustee the sum of $270.00 for the term of:

☐      36 Months. 11 U.S.C. 1325(b)(4)(A)(i);

[ X ]  60 Months. 11 U.S.C. 1325(b)(4)(A)(ii);

☐      60 Months. 11 U.S.C. 1322(d)(2). Debtor avers the following cause:
_____
_____
_____; or

☐      ____ Months. The Debtor states as reasons
therefore:_____
_____
_____

**II. SECURED CLAIMS:**

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim Amount of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| American Servicing Corp. 67 Ellis Street, Seekonk, MA | | $5,457.00 |
| Total of secured claims to be paid through the Plan: | | $5,457.00 |

B. Claims to be paid directly by debtor to creditors (Not through Plan):

<u>Creditor</u>                   <u>Description of Claim</u>
American Servicing Corp.    First mortgage, 67 Ellis Street, Seekonk, MA

C. Modification of Secured Claims: (PLEASE REVIEW ATTACHED APPRAISAL)

<u>Creditor</u>           <u>Details of Modification</u>            <u>Amt. of Claim to Be</u>
                    (Additional Details May Be Attached)    <u>Paid Through Plan</u>

American Servicing    2nd mort. on residence stripped off    none
_____    _____    _____

D. Leases:

   i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of

   _____; or

   ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of

   _____.

   iii. The arrears under the lease to be paid under the plan are _____.

**III. PRIORITY CLAIMS:**

A. Domestic Support Obligations:

Creditor                Description of Claim            Amount of Claim

none                    _____          $0.00_____

B. Other:

Creditor                Description of Claim            Amount of Claim

none_____      _____  $0.00_____

Total of Priority Claims to Be Paid Through the Plan:    $0.00_____

**IV. ADMINISTRATIVE CLAIMS:**

A. Attorneys Fees (to be paid through the plan):    $2,000.00
B. Miscellaneous Fees:
Creditor Description of Claim Amount of Claim
_____    _____    $_____

_____  _____  $_____

_____  _____  $_____

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General.

The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

**V. UNSECURED CLAIMS:**

The general unsecured creditors shall receive a dividend of 8% of their claims.

A. General unsecured claims $33,993.00

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| American Servicing | Second mortgage | $57,972.00 |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Total of Unsecured Claims (A + B + C): $91,965.00

D. Multiply total by percentage: $6,437.00

(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Total amount of separately classified claims payable at \_\_\_\_\_%:  $_____

**VI. OTHER PROVISIONS:**

A. Liquidation of assets to be used to fund plan: _____

_____

B. Miscellaneous Provisions: 

_____

**VII. CALCULATION OF PLAN PAYMENT:**

a) Secured claims (Section I-A Total):                     $5,457.00

b) Priority claims (Section II-A & B Total):               $0.00

c) Administrative claims (Section III-A&B Total):          $2,000.00

d) Regular unsecured claims (Section IV-D Total): +        $7,123.00

e) Separately classified unsecured claims:                 $0.00

f) Total of a + b + c + d + e above:              =        $14,580.00

g) Divide (f) by .90 for total including Trustee's fee:

Cost of Plan                                      =        $16,200.00

(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Divide (g), Cost of Plan, by Term of Plan, 60 months

i) Round up to nearest dollar for Monthly Plan Payment:    **$ 270.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. 1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. 1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| 67 Ellis St., Seekonk, MA | $_____ | $281,566.00 |
| _____ | $_____ | $_____ |
| _____ | $_____ | $_____ |

Total Net Equity for Real Property:           $_____

Less Total Exemptions (Schedule C):           $.0.00

Available Chapter 7:                          $0.00

B. Automobile (Describe year, make, model):

2002 Quad Runner 4 Wheeler Value $400.00     Lien $0.00     Exemption $400.00

2003 Dodge Durango           Value $7,500.00  Lien $0.00     Exemption $7,500.00

Total Net Equity:                             $7,900.00

Less Total Exemptions (Schedule C)            $7,900.00

Available Chapter 7:                          $0.00

C. <u>All other Assets</u>: (All remaining items on schedule B) : (Itemize as necessary)

Personal property, household goods, small pension plan

Total Net Value:                              $16,060.00

Less Exemptions (Schedule C):                 $16,060.00

Available Chapter 7: $0.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: **$0.00**

E. Additional Comments regarding Liquidation Analysis:

_____

_____

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/Edward G. Lawson, Jr. BBO# 645647      8/31/10
Debtor's Attorney                         Date
Attorney's Address: 260 Lonsdale Avenue, Pawtucket, RI 02850
Tel. # (401) 725-1810
Fax # (401) 725-2244
Email Address: lawsonlaw@cox.net

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

/s/  Leon F. Klang, Jr.                   8/31/10
                                          Date
/s/ Denise L. Klang                       8/31/10
Debtor                                    Date